# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

JULIE H.[1],

    Plaintiff,

  v.

**NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,

    Defendant.

Case No. 6:17-cv-1490-AC

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on November 14, 2018. ECF 18. Magistrate Judge Acosta recommended affirming the decision of the Social Security Administration finding Plaintiff not disabled.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 20) to which Defendant responded. ECF 22. Plaintiff objects that Magistrate Judge Acosta: (1) erroneously concluded that the ALJ did not need to develop the record with a consultative psychological examination; (2) erroneously concluded that the laundry sorter job with 17,046 positions in the national economy was sufficient to constitute a "significant number"; and (3) failed to address Plaintiff's argument that the vocational expert's testimony at step five was so riddled with errors and inconsistencies that

even if the laundry sorter job could constitute a job with significant numbers, the vocational expert's testimony was too unreliable for the ALJ to rely on.

Regarding Plaintiff's first objection, she focuses her argument on the fact that Plaintiff did not seek psychological treatment for many years and thus there was a gap in treatment that a consultative examination was required to fill. She also argues that the ALJ and the Magistrate Judge used this failure to seek treatment against Plaintiff, contrary to Ninth Circuit law. During this gap in psychological treatment, however, Plaintiff sought other treatment and her records show a generally stable psychological condition, as noted by the ALJ. *See* AR 28, 355, 360, 363, 367, 373, 379, 385 (noting normal psychiatric examinations from 2011 through 2013); AR 26, 29, 422, 424 (noting in January 2014 that she displayed "[n]o evidence of acute neurologic abnormality," was "alert and cooperative with the examination," and exhibited no "delusional thoughts" or "internal stimuli"); AR 27, 795 (denying in August 2014 anxiety, concentration difficulties, depression, irritability, and mood swings and displaying on examination "appropriate mood and affect," "good eye contact," intact memory, good judgment, and appropriate insight); AR 27, 850 (reporting in September 2014 that "her depression [was] well controlled" and she "started a new job as a house keeper"); AR 27, 798 (displaying normal mood and affect in May 2015); AR 27, 828, 897 (complaining in July 2015 that she suffered from anxiety and depression, but noting in August 2015 that her depression was now under control); AR 28, 807, 810 (noting normal mood and affect in November 2015). Thus, the ALJ did not solely rely on a gap in treatment, but also on documented treatment records indicating Plaintiff's stable mental health condition, to find that Plaintiff's depression was well controlled.

In addition to relying on the documented evidence of the lack of mental health symptoms, the ALJ also relied on Plaintiff's failure to seek treatment. When a claimant's failure to seek

treatment is because of his or her mental health condition, it should not be used against the claimant. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-300 (9th Cir. 1999) ("Indeed, we have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). The Ninth Circuit has held, however, that where "there was no medical evidence that [a claimant's] resistance [to treatment] was attributable to her mental impairment rather than her own personal preference," it can be "reasonable for the ALJ to conclude that the level or frequency of treatment [was] inconsistent with the level of complaints." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (quotation marks omitted) (first two alterations added, last alteration in original). In this case there is no medical evidence that Plaintiff's failure to seek mental health treatment was caused by any mental health impairment. To the contrary, the medical records indicate stable mental health, except in July 2015 when she sought treatment, but then in August 2015 she reported her depression was again under control. Accordingly, the ALJ did not err in considering Plaintiff's lack of treatment.

Regarding Plaintiff's second objection, the Court agrees with the reasoning of Magistrate Judge Acosta. Regarding Plaintiff's third objection, the fact that the vocational expert identified other jobs that were inconsistent with the Dictionary of Occupational Titles ("DOT") does not make all testimony of the vocational expert *per se* unreliable. Plaintiff offers no authority for the proposition that because a vocational expert provides some testimony inconsistent with the DOT, all testimony of the vocational expert is excluded. Moreover, vocational experts are allowed to testify contrary to the DOT, as long as they provide a reasonable explanation for the

contradiction. *See Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007). The error in this case was that the ALJ (and the vocational expert) did not recognize the conflict of some of the testimony of the vocational expert. The ALJ thus did not ask the vocational expert to explain the contradiction, and the vocational expert did not voluntarily offer an explanation.

The Court has reviewed *de novo* those portions of Magistrate Judge Acosta's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendant's response. The Court agrees with Magistrate Judge Acosta's reasoning and ADOPTS those portions of the Findings and Recommendation, as supplemented herein.

For those portions of Magistrate Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation, ECF 18, as supplemented herein.

**IT IS SO ORDERED.**

DATED this 18th day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 5 – ORDER